OPINION
{¶ 1} Appellant Tasha DeWalt appeals the decision of the StarkCounty Court of Common Pleas, Juvenile Division, that granted permanentcustody of her child to Appellee Department of Job and Family Services("Agency"). The following facts give rise to this appeal.
 {¶ 2} On July 30, 2001, the Agency filed a complaint allegingappellant's child, Jaden DeWalt, was dependent and/or neglected. At thetime of the filing of the complaint, the Agency obtained an ex-parteorder placing the child into shelter care custody and setting the issueof placement for an emergency shelter care hearing. At the emergencyshelter care hearing conducted on this same date, appellant stipulatedthat probable cause existed for the issuance of the emergency sheltercare and for continued placement of the child outside the home. Basedupon this stipulation, the trial court placed the child outside the home.
 {¶ 3} Also at the emergency shelter care hearing, the trial courtadopted and approved the requested pre-adjudicatory orders previouslyissued by the trial court on an ex-parte basis which ordered appellant toobtain a psychological evaluation and submit a sample of her urine forchemical analysis. The trial court set this matter for further hearing onAugust 23, 2001.
 At this hearing, appellant stipulated that her child was a dependentchild. Based upon the stipulation, the trial court found the child to bedependent. At the dispositional hearing conducted on the same day, thetrial court issued an order placing the child into the temporary custodyof the Agency. The trial court also ordered that the case plan be amendedto require appellant to obtain a substance abuse evaluation at QuestRecovery Services, submit random samples of urine for chemical analysis,obtain stable housing and employment, obtain a psychological evaluationand follow any recommendations made by the evaluator. The trial courtapproved and adopted the amended case plan.
 {¶ 4} The trial court conducted a semi-annual review of thismatter on January 25, 2002. After hearing testimony regarding the caseplan review packet, the trial court maintained the child in the temporarycustody of the Agency and adopted and approved the case plan reviewpacket. Thereafter, on May 17, 2002, the Agency filed a motion forpermanent custody. Prior to the hearing on the motion for permanentcustody, the trial court conducted an annual review of this matter. Afterhearing the testimony presented at this hearing, the trial courtmaintained the child in the temporary custody of the Agency and adoptedand approved the case plan review packet.
 {¶ 5} The trial court conducted a trial pursuant to the Agency'smotion for permanent custody on July 10, 2002. On July 29, 2002, thetrial court issued a judgment entry granting the Agency's motion forpermanent custody and terminating appellant's parental rights. Appellanttimely filed a notice of appeal and sets forth the following assignmentsof error for our consideration:
 {¶ 6} "I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTEREST OF THE MINOR CHILD WOULD BE SERVED BY GRANTING PERMANENT CUSTODY TO APPELLEE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I and II {¶ 7} We will address both of appellant's assignments of errorsimultaneously as both concern whether the trial court's judgment isagainst the manifest weight of the evidence. Appellant contends, in herFirst Assignment of Error, the trial court's finding that the childcannot or should not be placed with her is against the manifest weight ofthe evidence. In her Second Assignment of Error, appellant maintains thetrial court's finding that the best interest of the child would be servedby granting permanent custody to the Agency is also against the manifestweight of the evidence. We disagree with both assignments of error.
 {¶ 8} As an appellate court, we neither weigh the evidence norjudge the credibility of the witnesses. Our role is to determine whetherthere is relevant, competent and credible evidence upon which the factfinder could base its judgment. Cross Truck v. Jeffries(Feb. 10, 1982),Stark App. No. CA-5758. Accordingly, judgments supported by somecompetent, credible evidence going to all the essential elements of thecase will not be reversed as being against the manifest weight of theevidence. C.E. Morris Co. v. Foley Constr.(1978), 54 Ohio St.2d 279. Itis based upon this standard that we review appellant's two assignments oferror.
 As to her First Assignment of Error, R.C. 2151.414(E) sets forthsixteen factors a trial court is to consider in determining whether achild cannot be placed with either parent within a reasonable period oftime or should not be placed with the parents. In its judgment entry, thetrial court determined that although appellant attempted to work the caseplan, she failed to complete it and continues to have unresolved mentalissues and substance abuse issues that put the child at risk. JudgmentEntry, July 29, 2002, at 2. These findings correspond to two factorscontained in Section (E) of R.C. 2151.414. Specifically, Section (E)provides:
 {¶ 9} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 * * * of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 * * * of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 10} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 * * * of the Revised Code;" We have reviewed the record in this matter and conclude the trial court's finding that appellant's child cannot be returned to her within a reasonable period of time or should not be returned to her is not against the manifest weight of the evidence. The record contains ample evidence indicating appellant failed to complete her case plan. The record also indicates appellant suffers from mental illness and chemical dependency which she has failed to address through her case plan.
 {¶ 11} Appellant maintains, in her Second Assignment of Error, thetrial court's finding concerning best interest is also against themanifest weight of the evidence. Under R.C. 2151.414(D), in determiningthe best interest of a child, the trial court shall consider thefollowing factors:
 {¶ 12} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 13} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 14} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 15} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 16} In its judgment entry, the trial court found the child tobe adoptable and on track developmentally, however, he has someaggressive behavior patterns. Judgment Entry, July 29, 2002, at 2. BethWengard, the social worker, testified the child has little bonding witheither parent and she believed it was in the best interest of the childto place him with the Agency so he could have permanency. Id. at 3. Theguardian ad litem also recommended that permanent custody be granted tothe Agency. Id. Further, no relatives came forward to take custody of thechild. Id. Based upon these factors, the trial court found it was in thebest interest of the child to grant the Agency's motion for permanentcustody. We have reviewed the record in this matter and conclude thetrial court's finding concerning best interest of the child is notagainst the manifest weight of the evidence.Appellant's First and SecondAssignments of Error are overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Court ofCommon Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
Judgment affirmed.
Edwards and Boggins, JJ., concur.
Topic: Manifest weight in P/C case.